
DA 11-0306

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 4N

JOE SEIPEL,

      Plaintiff and Appellant,

  v.

TIM MOORE, Individually and as a Representative of
the Montana Board of Real Estate Appraisers and the
Department of Labor and Industry, State of Montana,

      Defendants and Appellees.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV 2010-564
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Patrick F. Flaherty, Attorney at Law, Great Falls, Montana

        For Appellees:

        Rebekah J. French, Rick Management & Tort Defense Division,
Helena, Montana

Submitted on Briefs:  December 21, 2011

Decided:  January 10, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     The First Judicial District Court, Lewis and Clark County, granted summary judgment to Tim Moore (Moore) individually and as a member of the Montana Board of Real Estate Appraisers, the State of Montana, and the Department of Labor and Industry (collectively Defendants), concluding that Joe Seipel's (Seipel) malicious prosecution and abuse of process claims were barred by Montana's common law doctrine of quasi-judicial immunity.  Seipel appeals from this order.

¶3     Seipel is a licensed real estate appraiser in Great Falls.  Moore was a member of the Board of Real Estate Appraisers (the Board), a body charged with licensing and supervising the profession throughout the state pursuant to § 37-54-105, MCA.  In February 2006, the Board received a complaint alleging that Seipel signed off as a supervising appraiser on a faulty appraisal completed by his son.  The Board requested an investigatory "desk review" of the appraisal by an independent, certified appraiser.  The reviewer determined that Seipel's appraisal violated the conduct section of the Uniform

Standards of Professional Appraisal Practice (USPAP) Ethics Rule, as well as several USPAP Standard Rules.

¶4 The Board voted to initiate disciplinary action against Seipel at its December 2006 meeting. The Board determined that Seipel's license should be temporarily suspended, but no formal motion or vote was made. Nevertheless, a "Notice of Proposed Board Action, Summary Suspension Order and Opportunity for Hearing," was prepared by legal counsel and then signed by Moore. Seipel's license was suspended pending a hearing. He immediately applied for, and was granted, an *ex parte* restraining order in the Eighth Judicial District Court, Cascade County. The parties then agreed by stipulation that the notice was "in error in that no Summary Suspension was ordered by the board," and Seipel was allowed to continue practicing as a real estate appraiser pending an administrative hearing.

¶5 Seipel's contested case hearing, governed by the Montana Administrative Procedures Act (MAPA), concluded on May 1, 2009. The hearing examiner's proposed findings of fact concluded that the Board had not proven the violations set forth in the notice, and recommended dismissal of the action. The Board's adjudication panel adopted the findings of fact and dismissed the action with prejudice in December 2009. Seipel filed his suit in District Court on June 10, 2010.

¶6 In granting summary judgment, the District Court determined that Moore and the Board were performing functions to which absolute quasi-judicial immunity applied. Seipel argues that Moore "went rogue" in signing a suspension notice that was not authorized by the Board, and that he violated Board policies and procedures in doing so.

3

Moore contends that he simply signed the notice in his capacity as a member of the Board's screening panel, and that he believed it accurately reflected the decisions made by the panel. He argues that he is entitled to quasi-judicial immunity because signing the notice was necessary to protect Seipel's due process rights under the MAPA, and that Seipel has failed in his burden by simply alleging that Moore did not follow procedures.

¶7 Montana law defines a "quasi-judicial function" as an "adjudicatory function exercised by an agency, involving the exercise of judgment and discretion in making determinations in controversies." Section 2-15-102, MCA. We have previously determined that "situations where an agency is conducting a contested or adversarial proceeding pursuant to the notice and hearing provisions of the MAPA and where an agency is responding to citizen complaints which are adversarial in nature involve determinations in controversies which are adjudicatory functions and, therefore, quasi-judicial functions pursuant to § 2-15-102(10), MCA." *Nelson v. State*, 2008 MT 336, ¶ 27, 346 Mont. 206, 195 P.3d 293.

¶8 The Board's screening panel was charged with determining whether there was reasonable cause to believe that Seipel had violated a rule or standard. This controversy was initiated upon receiving a citizen complaint. In making its determinations, the Board evaluated facts presented by the complainant and those within the desk review. The Board then made recommendations to the adjudication panel regarding a suspension of Seipel's license. In the meantime, the screening panel determined that an interim suspension of his license was in order, but procedural mistakes resulted in the summary suspension being issued improperly. However, quasi-judicial immunity, like its

4

counterpart judicial immunity, is not dependent upon acting correctly. *See Steele v. McGregor*, 1998 MT 85, ¶ 20, 288 Mont. 238, 956 P.2d 1364. We conclude that the Board's acts were discretionary functions undertaken in the context of a controversy or adversarial proceeding. Therefore, Defendants were entitled to quasi-judicial immunity.

¶9 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We are satisfied that the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶10 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ JAMES C. NELSON
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE